**Kenneth CLEMENT, et al.**

v.

**The COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY and the City of Philadelphia, et al.**

**Civil Action No. 89–5139.**

United States District Court, E.D. Pennsylvania.

March 1, 1996.

Samuel Stretton, Philadelphia, PA, for plaintiffs.

A. Taylor Williams, Philadelphia, PA, for defendant Philadelphia County Court of Common Pleas, William Thompson, Haddonfield, NJ, for defendant City of Philadelphia.

### BENCH MEMORANDUM AND ORDER

VAN ANTWERPEN, District Judge.

This matter comes before the Court by way of a Petition, filed September 11, 1995, by the plaintiffs seeking the enforcement of an alleged agreement of settlement entered on December 15, 1994. The petition also seeks a finding of contempt on the part of defendants [1]. The Mayor of the City of Philadelphia, The City of Philadelphia, The Court of Common Pleas and The Supreme Court of Pennsylvania for their failure to comply with the alleged settlement. Defendants The City of Philadelphia, The Mayor of the City of Philadelphia, and City Council filed a Motion to Dismiss on December 15, 1995, and defendants The Supreme Court of Pennsylvania and The Court of Common Pleas of Philadelphia filed a Motion to Dismiss or for Summary Judgment on December 15, 1995. This Court held oral argument on the record on February 21, 1996.

The history of this matter is a matter of record in this Court and the parties stipu-

---

1. The original defendants named in this action were The Court of Common Pleas of Philadelphia County, The Honorable Edward J. Bradley, The Honorable Edward Blake, The Honorable W. Wilson Goode, Mayor, City of Philadelphia, City Council of Philadelphia, The Honorable Robert Casey, Governor, General Assembly Legislative Body of the Commonwealth of Pennsylvania, and The Commonwealth of Pennsylvania. On August 24, 1989, this Court dismissed with prejudice the causes of action against the General Assembly Legislative Body of the Commonwealth of Pennsylvania and the Honorable Robert Casey, Governor. On that same date we also dismissed without prejudice the cause of action against the Commonwealth of Pennsylvania.

lated at oral argument that we should consider this record in deciding defendants' motions. This matter began by way of a Complaint filed on July 13, 1989. The Complaint alleged serious constitutional violations arising from the failure of defendants to properly fund defense counsel for indigent defendants in the State Criminal Courts located in Philadelphia County.

Before a hearing could be held, the parties reported to the Court that satisfactory steps had been undertaken to resolve the matter. In particular, the parties noted on the record, in open court, on August 7, 1989, that there was not going to be a consent order, "or anything like that", but that the City of Philadelphia had agreed "in its present fiscal year" to replenish monies for defense counsel if presently allocated monies ran out. (Transcript of 8/7/89, pp. 4–6). It was also stated that the Court of Common Pleas and Judges Blake and Bradley would agree that fees would be paid on a timely basis, and the Judges reserved their rights to challenge the jurisdictional aspects of this suit in the event of "later litigation." (Transcript of 8/7/89, pp. 6, 7).

The parties made no further application to this Court until 1994 when renewed fiscal problems ultimately resulted in another resolution of the matter which was memorialized with an Affidavit signed by the Honorable Ralph J. Cappy, a Justice of the Supreme Court of Pennsylvania, and also signed by Mr. David L. Cohen, Chief of Staff to the Honorable Edward G. Rendell, Mayor of the City of Philadelphia. On December 15, 1994, we held an on-the-record telephonic conference and we issued a Court Order that same day. The Affidavit noted that in the first three years of a zero growth budget agreement between the City of Philadelphia and the First Judicial District of Pennsylvania that all counsel fees and expenses for representation of indigent defendants had been made in a timely fashion. The Affidavit further noted that the Supreme Court of Pennsylvania, First Judicial District of Pennsylvania, and City of Philadelphia:

> ... are engaged in ongoing discussions regarding the funding of counsel fees and costs for representation of indigent defen-

dants and are working together to address any future budgetary considerations in the funding of such fees and expenses. While these discussions have not yet resulted in any final agreements, the Supreme Court, FDJPA, and the City are committed to the continued full funding of all counsel fee and expense obligations incurred in connection with the representation of indigent defendants.

At the time of the August 7, 1989 settlement, we approved the settlement with the full force and effect of an Order of Court. It is obvious from the language used at that time, including the representations of Judges Blake and Bradley, that any settlement which was reached only pertained to the funding for the current fiscal year. Although our Order of December 15, 1994 referred to the original August 7, 1989 settlement and "the settlement reached this day," an inspection of the Affidavit in question and the colloquy of the telephonic conference convinces us that no enforceable agreement was ever actually reached by the parties to the Affidavit. The indefinite statements of the parties lack essential material terms and could not support a binding contractual commitment to provide funding in future years for criminal defense counsel. See Restatement of Contracts § 33 Comment f (1981).

Accordingly, we shall grant the defendants' motions to dismiss the petition filed by plaintiffs on September 11, 1995 and dismiss the motion for summary judgment as moot. In addition to seeking contempt and enforcement of the alleged agreement of the parties, plaintiffs, in paragraphs 18 and 19 of the petition, have alleged violations by the defendants of "the Fifth, Sixth and Fourteenth Amendments of the United States Constitution involving due process, equal protection and effective assistance of counsel." These conclusory allegations are not fully developed from a factual standpoint. There is also substantial doubt that plaintiffs can make out a constitutional cause of action because courts have the power to require criminal defense counsel to serve at reduced compensation and, perhaps even, at no compensation whatsoever. *Powell v. Alabama,* 287 U.S. 45, 73, 53 S.Ct. 55, 65, 77 L.Ed. 158 (1932);

*Williamson v. Vardeman,* 674 F.2d 1211, 1214 (8th Cir.1982). At the same time, we are aware that the rights of criminal defendants must be protected. Accordingly, in an abundance of caution, we will dismiss plaintiffs' contractual and contempt claims with prejudice, but will dismiss without prejudice to the right of plaintiffs to institute such new federal question litigation as may be appropriate in the event that a true violation of constitutional rights actually does occur. We also take this opportunity to strongly encourage the parties to continue to meet, and engage in discussions, aimed at resolving this matter.

An appropriate Order follows.

### ORDER

AND NOW, this 1st day of March, 1996, consistent with the foregoing Bench Memorandum and after hearing oral argument in open court, it is hereby **ORDERED** as follows:

1. The Motion to Dismiss of Defendants The City of Philadelphia, Mayor of the City of Philadelphia, and City Council filed December 15, 1995 is **GRANTED.**

2. The Motion to Dismiss of Defendants The Supreme Court of Pennsylvania and The Court of Common Pleas of Philadelphia filed December 15, 1995 is **GRANTED.**

3. The Motion for Summary Judgment of Defendants The Supreme Court of Pennsylvania and The Court of Common Pleas of Philadelphia filed December 15, 1995 is **DISMISSED AS MOOT.**

4. The Petition for Enforcement of the Consent and Agreement of Settlement of the Parties filed by Plaintiffs on September 11, 1995 is **DENIED.** Plaintiffs' claims relating to an alleged contract and contempt are **DISMISSED WITH PREJUDICE.** Plaintiffs' federal constitutional claims are **DISMISSED WITHOUT PREJUDICE.**